J-A28024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD MARSHALL WILCOX | : | |
| | : | |
| Appellant | : | No. 1282 MDA 2020 |

Appeal from the PCRA Order Entered September 3, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001056-2012

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JANUARY 06, 2022**

Appellant appeals from the order entered in the Court of Common Pleas of Lycoming County denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Also, appointed counsel for Appellant has petitioned to withdraw from representation.  We grant counsel's petition and dismiss the appeal.

On March 16, 2012, Appellant was charged with Statutory Sexual Assault, Aggravated Indecent Assault, Involuntary Deviate Sexual Intercourse with a Child, Indecent Assault (under 13 years of age); Corruption of Minors (sexual offenses); Rape of a Child; Indecent Exposure; and Unlawful Contact

_____

[*] Former Justice specially assigned to the Superior Court.

with a Minor[1] in connection with the sexual abuse of his six-year-old step-daughter, I.F. A jury trial on January 21, 2016, resulted in guilty verdicts on all counts.

The trial court imposed an aggregate sentence of 21 to 70 years and ran it consecutively to Appellant's recently imposed 40 to 80 year sentence for a Montgomery County, Pennsylvania murder conviction. Post-sentence motions were filed and denied, and Appellant filed a timely direct appeal.

In **Commonwealth v. Wilcox**, 1032 MDA 2016, unpublished memorandum (Pa.Super. filed July 18, 2017), this Court affirmed judgment of sentence after deeming meritless Appellant's seven issues raised in his counseled appeal. On January 31, 2018, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed this timely PCRA petition, his first, and the PCRA court appointed counsel who, on October 24, 2019, filed a second amended petition, which was denied on September 3, 2020. This timely appeal followed.

On March 22, 2021, present counsel was appointed to represent Appellant. On July 28, 2021, counsel filed with this court a petition to withdraw simultaneously with an **Anders**[2] brief. This brief, however, did not

---

[1] 18 Pa.C.S. §§ 3122.1, 3125, 3123(B), 3126(A)7), 6301(a)(1)(ii), 3121(c), 3127(A), and 6318(a)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

satisfy the requirements set forth in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). Specifically, counsel did not detail the nature and extent of counsel's review, nor did counsel explain why Appellant's issues are meritless. Accordingly, this Court entered an order on August 2, 2021, striking the **Anders** brief and directing counsel to file an advocate's brief or an application to withdraw as counsel and an accompanying **Turner/Finley** no-merit letter that complies with all the procedural and substantive requirements.

On August 25, 2021, counsel filed a second application to withdraw and **Anders** brief, the latter of which included an appendix containing a letter advising Appellant of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005). The **Millisock** letter indicates Appellant was served a copy of all documents. Counsel has also substantially complied with the requirements set forth in **Commonwealth Santiago**, 978 A.2d 349 (Pa. 2009).

We note that the procedure set forth in **Anders** is not the appropriate vehicle for withdrawing from PCRA representation, **see Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003), as counsel seeking to withdraw on collateral appeal must follow the procedure outlined in **Turner**/**Finley**, which includes:

> **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the

issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of ***Turner***/***Finley***, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper ***Turner***/***Finley*** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner***/***Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

However, because an ***Anders*** brief provides greater protection to a defendant, this Court may accept it in lieu of a ***Turner***/***Finley*** letter. ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa. Super. 2008).

Our review of the record discloses that counsel now has satisfied the requirements of ***Turner/Finley***. In his ***Anders*** Brief, he (1) set forth the issues Appellant wished to have reviewed; (2) stated he conducted a thorough review of the record and applicable law; (3) determined there are no non-

frivolous claims Appellant can raise; and (4) explained why Appellant's claims are meritless. *See*, *generally*, *Anders* Brief. Moreover, as noted above, counsel mailed Appellant a letter informing him of his intention to seek permission to withdraw from representation, as well as Appellant's rights in lieu of representation. *See Widgins*, 29 A.3d at 818. Since counsel has complied with *Turner*/*Finley*, we may proceed to an independent review of the appeal.

Counsel's *Anders* Brief raises the following issues on Appellant's behalf:

I.     Whether an application to withdraw as counsel should be granted where counsel has investigated the possible grounds for appeal and finds the appeal frivolous.

II.    Whether the PCRA court erred in denying Appellant's Amended Petition for Post-Conviction Relief on the basis that trial counsel was ineffective for failing to present school records disproving the existence of a *quid pro quo* relationship between Appellant and the victim when evidence was not presented at trial to establish a quid pro quo relationship.

III.   Whether appellate counsel was ineffective for failure to raise the issue of the Commonwealth's disregard of Judge Lovecchio's pretrial order barring Kyle Mowery's testimony regarding the victim's hearsay statements by failing to appeal the mistrial issue even though the substantive issue of improper hearsay testimony was litigated on appeal.

IV.    Whether appellate counsel was ineffective for failing to appeal the trial court's restriction upon defense cross examination following the Commonwealth's disregard of Judge Lovecchio's pretrial order when the Superior Court determined that the improper hearsay testimony was harmless error.

> V. Whether appellate counsel was ineffective for failing to appeal the admissibility of the victim's forensic interview as a violation of his Confrontation Clause rights even though appellate counsel did litigate the issue on appeal.

*Anders* Brief, at 8-9.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Hand*, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation omitted).

We presume counsel was effective, and the petitioner bears the burden of proving otherwise. *See Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa.Super. 2017). A petitioner may overcome the presumption by pleading and proving all of the following: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction." *Id.* (quoting *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011)). A petitioner's failure to prove any one of these factors defeats the ineffectiveness claim. *Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

As only issues two through five present substantive issues for this Court's review, we first address the PCRA court's denial of Appellant's second enumerated claim that trial counsel was ineffective for failing to present school records disproving that he created a sexually exploitative *quid pro quo* relationship between himself and Child based on Child's apparently poor

comportment at school. According to Appellant's *pro se* PCRA petition, the admission of school records establishing that he never signed any of Child's returnable daily school behavior reports would have refuted the suggestion that he promised to conceal Child's bad reports from his mother in exchange for sex with Child.

The record reveals, however, that witnesses for both the Commonwealth and the defense testified that Appellant never signed a behavior slip. Most notably, Commonwealth witness Kyle Mowery, a special education teacher at Child's school, testified that Mother signed all of Child's school records, **see** N.T. 1/21/16 at 23, and defense counsel specifically elicited testimony from Appellant that Mother signed all behavior slips. N.T. at 120.[3] Therefore, we discern no error with the PCRA court's determination that there is neither arguable merit to nor the reasonable probability of prejudice demonstrated by Appellant's claim that counsel ineffectively failed to admit all Child's school records into evidence. **See Commonwealth v. Johnson**, 139 A.3d 1257, 1284 (Pa. 2016) (holding absence of merely cumulative evidence causes no prejudice to a defendant).

---

[3] Also persuasive on this issue is Appellate Counsel's observation in the **Anders** Brief that the Commonwealth's *quid pro quo* theory alleged not Appellant's concealment of behavior slips but, instead, his surreptitiously permitting Child to play video games in violation of Mother's punishment for his bad behavior.

Appellant claims next that appellate counsel on direct appeal ineffectively failed to challenge the court's denial of a mistrial for the Commonwealth's disregard of a pretrial order barring Mr. Mowery from offering hearsay testimony about Child's statement that she had "a secret with her father." During trial, the Commonwealth elicited this statement from Mr. Mowery, and the court initially granted a defense motion for mistrial with prejudice before reversing its decision on grounds the testimony was harmlessly cumulative to that offered by other witnesses, including the Child, permitted to testify to the statement.

While appellate counsel did not challenge the court's ultimately adverse ruling on mistrial, she did raise for this Court's consideration the evidentiary issue that served as the basis for the mistrial motion at trial, namely, that the admission of Mr. Mowery's hearsay statement was reversible error and grounds for a new trial. In denying this claim, this Court found that any inadmissible hearsay in Mr. Mowery's testimony was harmless, as the jury heard from others' admissible testimonies that Child had informed Sherry Moroz and Mr. Mowery that she had a "secret" with Appellant.

Specifically, this Court reasoned:

We reiterate that the admissibility of evidence is left to the discretion of the trial court. **Woodard**, 129 A.3d at 494. Moreover, we also point out that not every error at trial requires a mistrial, and the harmless error doctrine reflects that the accused is entitled to a fair trial, not a perfect one. **Commonwealth v. West**, 834 A.2d 625, 634 (Pa. Super. 2003). An error is harmless if the evidence of guilt is so overwhelming, that by comparison the error is insignificant. **Commonwealth v.**

*Mitchell*, 576 Pa. 258, 839 A.2d 202, 214 (Pa. 2003). "An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict." *Id*.

As noted above, the trial court ruled that the tender years exception would not permit Mr. Mowery to testify regarding statements I.F. made to him. However, at trial, Mr. Mowery, a teacher at I.F.'s school, testified that I.F. told him that "she had a secret with her stepfather." N.T., 1/21/16, at 24. Appellant objected and moved for a mistrial, and the trial court overruled the objection. *Id.* at 24, 46.

In its opinion, the trial court explained its decision as follows:

> This Court overruled [Appellant's] objection to the testimony of Mowery because what he testified to was duplicative of what the jury would hear when the video of the interview at the Child Advocacy Center was played to the jury. The Commonwealth's error in calling Mowery to the stand was harmless. The statement "But I just told Mr. Mowery we had a secret" was made in the video that was played for the jury. [N.T., 1/21/16,] pg. 40, lines 22–23. It is very unlikely that had Mowery not testified that the outcome in the trial would have been different. Stating victim told me she had a secret does not establish any of the elements of the crimes for which [Appellant] was convicted and as victim referred to the secret repeatedly in the video that was admissible into evidence by Judge Lovecchio's order the [Appellant] was not harmed by its improper admission. ...

Pa.R.A.P. 1925(a) Opinion, 8/22/16, at 7.

We agree with the trial court that any error in Mr. Mowery's testimony was harmless. The jury heard that I.F. informed Sherry Moroz and Mr. Mowery that she had a "secret" with Appellant. N.T., 1/21/16, at 40. Accordingly, we conclude that Appellant is not entitled to relief on this issue.

*Wilcox*, *supra* at No. 1032 MDA 2016, 2017 WL 3037517, at **5–6 (Pa. Super. Ct. July 18, 2017).

Accordingly, as this Court previously held that the underlying admission of Mr. Mowery's testimony in question was, at worst, harmless error, Appellant may not prevail on his derivative ineffective assistance claim assailing appellate counsel's failure to challenge the denial of his mistrial motion.

In Appellant's fourth enumerated issue, he maintains appellate counsel ineffectively failed to claim that his constitutional right to confrontation under the sixth amendment and Article I, Section 9 of the Pennsylvania Constitution was violated by the trial court's ruling restricting defense counsel's cross-examination of Mr. Mowery on his inadmissible hearsay testimony. "One way in which the Confrontation Clause can be violated is by the admission of hearsay statements against the defendant as substantive evidence. In those instances, the court must consider the unavailability of the declarant and the reliability of the statements." *Commonwealth v. Collins*, 888 A.2d 564, 575 (Pa. 2005).

For the reasons already discussed regarding Mr. Mowery's *de minimis* hearsay testimony, no violation of Appellant's confrontation rights resulted from the trial court's ruling restricting all further direct and cross examination of Mr. Mowery on the subject. The Child's statement regarding the "secret" was properly introduced through other witnesses who were available for thorough cross examination by the defense. Under this record, we discern no

arguable merit to Appellant's claim that counsel ineffectively failed to raise a confrontation clause claim on direct appeal.

Finally, Appellant argues that appellate counsel ineffectively failed to raise on appeal a challenge to the trial court's pre-trial ruling that the forensic interview of Child was admissible under the Tender Years Hearsay Act.[4] Our review of the record belies Appellant's assertion, as appellate counsel raised and litigated the issue on appeal, albeit unsuccessfully. **See Wilcox**, **supra** at **2-4.

The PCRA court properly found that all of Appellant's claims of ineffective assistance of trial counsel lack merit. Moreover, after conducting our independent review of the certified record, we are in agreement with counsel that there is no merit to the present case. **See Wrecks**, **supra** at 721.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/06/2022

---

[4] 42 Pa.C.S. § 5985.1(a.1) and (a.2).

- 11 -